IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


CURTIS L. DANSBY                                                          PLAINTIFF

vs.                              Civil No. 4:06-cv-04018

MICHAEL J. ASTRUE[1]                                            DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Curtis Dansby ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration denying his application for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of

the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  (Doc. No. 3).[2]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

The procedural history of this case is complicated and involves two sets of DIB and SSI

applications that were denied by the Social Security Administration ("SSA").  In all of these

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

applications, the Plaintiff claims he is disabled due to arthritis and knee pain. (Tr. 275).

The first set of DIB and SSI applications were filed on May 20, 2002. (Tr. 67-70, 265-267). These applications allege an onset date of February 21, 2000. (Tr. 68, 266). These applications were initially denied on August 9, 2002 and were denied again on reconsideration on November 8, 2002 (DIB) and on November 14, 2002 (SSI). (Tr. 48-49, 52-58, 60-61). The Plaintiff requested an administrative hearing which was held on August 4, 2003 in Little Rock, Arkansas. (Tr. 28-47). The Plaintiff was present and was represented by an attorney, Charles Barnett, at the hearing. (Tr. 28-47).

On October 28, 2003, the ALJ entered an unfavorable decision and denied the Plaintiff disability benefits. (Tr. 6). The Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 6). On January 12, 2004, the Plaintiff filed a Complaint with the U.S. District Court for the Western District of Arkansas, and the case was assigned to the Honorable Bobby E. Shepherd.[3]  On January 10, 2005, U.S. Magistrate Judge Bobby E. Shepherd entered a memorandum opinion and judgment reversing and remanding the October 28, 2003 decision of the ALJ.   Judge Shepherd reversed and remanded the ALJ's decision because the ALJ failed to properly apply the *Polaski* analysis. (Tr. 289-298).

The second set of DIB and SSI applications were filed on February 5, 2004. (Tr. 275, 326-328, 434-435). These applications also allege an onset date of February 21, 2000. (Tr. 326, 434). These applications were initially denied on April 9, 2004 (DIB) and April 13, 2004 (SSI) and were denied again on reconsideration on August 17, 2004 (DIB) and August 18, 2004 (SSI). (Tr. 303-308, 311-312). The Plaintiff then requested a second hearing which was held on June 9, 2005 in

---

[3]  *See Dansby v. Social Security Administration Commissioner*, Case No. 4:04-cv-0406 (W.D. Ark. 2005).

2

Texarkana, Arkansas.  (Tr. 446).  The Plaintiff was represented by an attorney, Charles Barnette, at this hearing.  (Tr. 446).  The Plaintiff's relative, James Dansby, also testified at this hearing on behalf of the Plaintiff.  (Tr. 446).

On January 20, 2006, the Administrative Law Judge ("ALJ") issued a written opinion from the June 9, 2005 hearing.  (Tr. 275-282).  In this opinion, the ALJ considered both sets of DIB and SSI applications.  (Tr. 275).  The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 275 ).  The ALJ determined the Plaintiff had been treated for knee problems caused by an on-the-job injury.  (Tr. 275; 281, Finding 3).  The ALJ, however, concluded that the Plaintiff's impairments or combination of impairments, although severe, did not meet the requirements of Appendix 1, Subpart P, Regulations No. 4 ("Listings").   (Tr. 281, Finding 3).

The ALJ also evaluated the subjective complaints of the Plaintiff and determined the Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 278-280).  The Plaintiff claimed he was unable to work because of pain in his knees.  (Tr. 278).  The ALJ analyzed these subjective complaints.  (Tr. 278-280).  The ALJ concluded these subjective complaints were not credible based upon the Plaintiff's daily activities and due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment.  (Tr. 278-280).  Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to perform sedentary work.  (Tr. 280).  Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. . . . a certain amount of walking and standing is often necessary in carrying out job duties."  20 C.F.R. § 404.1567(a) (2007).

3

The ALJ determined the Plaintiff could not perform his Past Relevant Work ("PRW"). (Tr. 281, Finding 6). Vocational Expert ("VE") Daniel Lustig testified at the administrative hearing and addressed this issue. (Tr. 468-469). The VE testified that Plaintiff's PRW included work as a forklift operator (semiskilled, medium lifting) and as an automobile mechanic (skilled, medium lifting). (Tr. 468). The Plaintiff agreed his PRW included work as a forklift operator and as an automobile mechanic. (Tr. 468). The ALJ did not ask the VE any hypothetical questions. (Tr. 468). The ALJ decided not to ask any hypothetical questions because the medical evidence was insufficient: "Okay, okay, I don't think I'm going to go into a hypothetical at this point. I don't think we've really got enough medical information." (Tr. 468). Instead, the ALJ determined, without the benefit of the VE's testimony or any other testimony, that the Plaintiff could not perform his PRW. (Tr. 281, Finding 6).

The ALJ determined that, although the Plaintiff could not perform his PRW, the Plaintiff could perform other jobs in the national economy. (Tr. 280). The ALJ reviewed the Plaintiff's physical ability, age, education, and work experience in making this determination. (Tr. 280). Then, the ALJ applied the Medical-Vocational Guidelines found in Appendix 2 to Subpart P of Regulations No. 4 ("Grids"). (Tr. 280). In applying the Grids, the ALJ concluded the Plaintiff could perform approximately 200 separate unskilled sedentary occupations. (Tr. 280). Based upon this finding, the ALJ concluded that the Plaintiff was not disabled. (Tr. 282, Finding 11).

The Plaintiff elected not to seek a review of this decision with the Appeals Council and, instead, filed the present action between the 61st and 121st days after the ALJ's notice of an unfavorable decision. (Doc. No. 7, Page 2). Therefore, the January 20, 2006 decision of the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 404.984(d) (2006). The Plaintiff filed this

present action on March 24, 2006.  (Doc. No. 1).  This case was referred to the undersigned on

April 11, 2007.  The Plaintiff and the Defendant have filed appeal briefs.  (Doc. Nos. 7-8).  This

case is ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision,

the Court may not reverse it simply because substantial evidence exists in the record that would

have supported a contrary outcome or because the Court would have decided the case differently.

*See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is

possible to draw two inconsistent positions from the evidence and one of those positions represents

the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d

1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden

of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any SGA.  *See Cox v. Apfel*, 160 F.3d 1203,

1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or

mental impairment" as "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her PRW; and (5) if the claimant cannot perform his or her PRW, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

## 3. **Discussion:**

The Plaintiff brings the present appeal claiming (1) the ALJ erred in his credibility determination, (2) the ALJ erred in determining the Plaintiff retained the RFC to perform sedentary work, and (3) the ALJ erred in finding the Plaintiff was not disabled. (Doc. No. 7).  The Defendant argues the ALJ properly applied *Polaski* in his credibility determination*,* properly determined the Plaintiff's RFC, and properly based his decision upon substantial evidence in the record.  (Doc. No. 8).  Because this Court finds the ALJ erred in determining the Plaintiff's RFC and erred by failing to consider the Plaintiff's nonexertional impairment, this Court will only address the Plaintiff's

6

second argument.

As an initial matter, the ALJ in the present action determined the Plaintiff was not disabled at Step 5 of the analysis.  At Step 5, it is the SSA's burden to establish that there are other jobs in the national economy that the plaintiff can perform.  *See Cox,* 160 F.3d at 1206.  The SSA may meet this burden by either relying upon the testimony of a VE or by relying upon the Grids.  *See Beckley v. Apfel,* 152 F.3d 1056, 1059 (8th Cir. 1998).  The Grids are "fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment."  *Id.*  The Grids are based entirely on the plaintiff's RFC, age, education, and work experience. *See id.; Holley v. Massanari,* 253 F.3d 1088, 1093 (8th Cir. 2001).

Since the Grids are standardized, in order for the Grids to operate correctly, the ALJ must base his or her RFC determination upon one of the five "stock" RFC determinations.  *See id.* Specifically, the ALJ must determine whether the Plaintiff retains the RFC to perform a full range of sedentary work, light work, medium work, heavy work, or very heavy work.  *See* 20 C.F.R. § 404.1567(a)-(e).  If the ALJ cannot "fit" his or her RFC determination into one of these five categories, then the ALJ's RFC determination is not standardized, and the ALJ cannot apply the Grids.  *See Beckley,* 152 F.3d at 1059.

For example, a plaintiff may suffer from a "nonexertional impairment" which is not standardized and not considered in one of these five categories.  *See* 20 C.F.R. § 404.1567(a)-(e); *accord Foreman v. Callahan,* 122 F.3d 24, 25 (8th Cir. 1997).  If a plaintiff suffers from a nonexertional impairment which limits his or her ability to perform a full range of work (such as sedentary work), then the ALJ cannot make a standardized RFC determination and cannot rely upon

7

the Grids. *See Beckley,* 152 F.3d at 1059. Pain is a nonexertional impairment. *See Cline v. Sullivan,* 939 F.2d 560, 564-65 (8th Cir. 1991). Accordingly, if pain limits a plaintiff's ability to perform a full range of work, the ALJ cannot make a standardized RFC determination and cannot rely upon the Grids. *See Beckley,* 152 F.3d at 1059. Instead, the ALJ must hear and rely upon testimony from a VE. *See id.* ("if a claimant's ability to perform the full range of work in a particular category is limited by a nonexertional impairment, the ALJ cannot rely exclusively on the grids to determine disability").

Likewise, the ALJ must rely upon the testimony of a VE, and cannot rely exclusively on the Grids, when the record indicates the plaintiff's nonexertional impairment impacts his or her ability to perform a full range of work in one of these five categories. *See id.* (holding that where a plaintiff suffered from nonexertional impairments, the plaintiff was "entitled to have a vocational expert testify as to the effect of these impairments on her residual functional capacity"); *See also* S.S.R. 83-12. The ALJ may, however, rely exclusively on the Grids if the ALJ determines that the plaintiff's nonexertional impairment does not impact his or her ability to perform a full range of work. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003). This determination must be supported by the record. *See id.* If this determination is not supported by the record, then the decision of the ALJ cannot be affirmed. *See Beckley,* 152 F.3d at 1059-60.

In the present action, the ALJ determined that the Plaintiff retained the RFC to perform "sedentary work." (Tr. 280). As one of the "stock" RFC determinations, sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R.

§ 404.1567(a).  In determining that the Plaintiff retained the RFC to perform the full range of sedentary work, the ALJ did not consider the Plaintiff's pain or nonexertional impairments.  (Tr. 279-281).

This Court finds the ALJ erred both by failing to conclude that the Plaintiff suffers from a nonexertional impairment and by concluding the Plaintiff's nonexertional impairment does not impact his RFC.  First, the record clearly establishes the Plaintiff suffers from the nonexertional impairment of knee pain, and the ALJ improperly discounted the Plaintiff's subjective complaints of knee pain.  *See Bogard v. Barnhart,* No. 04-3613, 2005 WL 3454400, at *1 (8th Cir. December 19, 2005) (per curiam); *accord Cline,* 939 F.2d at 564-65.  The ALJ discounted the Plaintiff's subjective complaints of knee pain based upon the Plaintiff's medical records.  (Tr. 275-282).  The ALJ stated there was an absence of objective medical findings to support allegations of disabling pain and stated that the medical records indicate the Plaintiff did not seek treatment for his pain for one year.  (Tr. 279-280).  The ALJ concluded that this failure to seek treatment indicated the Plaintiff's pain was not severe.  (Tr. 279-280).  Then, the ALJ determined that "in the judgment of the of the Administrative Law Judge, the symptomatology suffered by the claimant is not of a duration, frequency or intensity as to be disabling nor would it preclude the performance of sedentary work."  (Tr. 280).

While the ALJ's determination that the Plaintiff does not suffer from *disabling* knee pain may not be in error, the ALJ's determination that the Plaintiff's pain would not "preclude the performance of sedentary work" is not supported by substantial evidence or by the Plaintiff's medical records.  In fact, all of the Plaintiff's medical records, dating back to February of 2000,

indicate the Plaintiff suffers from substantial knee pain.[4] (Tr. 128-260, 292-295, 407-433). Even Dr. Sharma, in the most recent medical examination in the record dated September 14, 2005, stated that the Plaintiff suffers from "significant and severe pain." (Tr. 428-431). Thus, the medical records do not support the conclusion that all of the Plaintiff's subjective complaints of pain should be completely discounted, and the ALJ should have concluded that the Plaintiff suffers from the nonexertional impairment of pain.

Second, the ALJ erred by failing to account for the Plaintiff's nonexertional impairment of knee pain in his RFC determination. The ALJ determined the Plaintiff retained the RFC to perform a full range of sedentary work. (Tr. 279). The ALJ made this determination based upon the Plaintiff's medical records and the Plaintiff's subjective complaints of pain. (Tr. 275-282). The ALJ did not find that the Plaintiff's knee pain or nonexertional impairment limited the Plaintiff's ability to perform the full range of sedentary work. (Tr. 279). The ALJ did not rely on the VE and did not ask the VE how the Plaintiff's knee pain may impact the Plaintiff's ability to perform a full range of sedentary work. (Tr. 468-470).

The ALJ's determination that the Plaintiff can perform the full range of sedentary activity is not supported by the record. The record indicates the Plaintiff suffers from a nonexertional impairment of pain which limits Plaintiff's ability to perform the full range of sedentary work. (Tr. 128-260, 407-433). In the Plaintiff's most recent medical examination, Dr. Sharma found that, because of the Plaintiff's pain, the Plaintiff "could not stand [during the examination]. He had *at least* mild restriction in standing and mild in walking. Carrying objects and walking would be

---

[4] A detailed summary of the Plaintiff's medical history appears in U.S. Magistrate Judge Bobby E. Shepherd's Memorandum Opinion dated January 10, 2005, in *Dansby v. Social Security Administration Commissioner*, Case No. 4:04-cv-04006, (Tr. 292-295). This Court incorporates that summary by reference.

difficult for him." (Tr. 431) (emphasis added). Since sedentary work requires a certain amount of walking, standing, and carrying objects without any restrictions, the Plaintiff would not be able to perform the full range of sedentary work based upon Dr. Sharma's findings. No other medical records indicate the Plaintiff would be able to perform the full range of sedentary activity, and Dr. Sharma's medical examination is the most recent medical examination in the transcript. (Tr. 128-260, 407-433). Thus, because the Plaintiff's nonexertional impairment impacts his ability to perform the full range of sedentary work, the ALJ should have relied upon testimony of a VE. *See Beckley*, 152 F.3d at 1060. The ALJ cannot merely rely upon the Grids when a nonexertional impairment impacts the Plaintiff's ability to perform the full range of sedentary work. *See id.* A VE's testimony is required even if the nonexertional impairment is not severe enough to be disabling by itself. *See id.* (holding, "although neither [pain and depression] may be severe enough to be disabling, Beckley is entitled to have a vocational expert testify as to the effect of these impairments on her residual functional capacity").

The ALJ should not have made his determination that the Plaintiff can perform a full range of sedentary work solely based upon the Plaintiff's medical records and the Plaintiff's subjective complaints of pain. *See Beckley,* 152 F.3d at 1060. Instead, the ALJ was required to base his RFC determination upon the testimony of a VE. *See id.* Furthermore, because the ALJ erred in his RFC determination, this Court also finds that the ALJ necessarily erred in applying the Grids to determine that the Plaintiff could perform other jobs in the national economy. *See Foreman,* 122 F.3d at 26-27.

This Court is remanding the present action because the ALJ improperly determined the Plaintiff's RFC and improperly relied upon the Grids at Step 5. On remand, since this Court finds

the Plaintiff suffers from a nonexertional impairment that may impact his ability to perform the full range of sedentary work, the ALJ should hear testimony from the VE as to how the Plaintiff's RFC may be impacted by this nonexertional limitation.  The ALJ should not merely rely upon the Grids.

## 4. <u>Conclusion:</u>

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed.  This matter should be remanded to the Commissioner for further consideration consistent with this opinion.  A judgment incorporating the findings and conclusions of this opinion will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2nd day of May, 2007.**

/s/   Barry A. Bryant
  Honorable Barry A. Bryant
  United States Magistrate Judge